UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAYLOR CHRISTOPHER MILES,<br><br>                Plaintiff,<br>    v.<br><br>PIERCE COUNTY JAIL, et al.,<br><br>                Defendants. | Case No. 3:22-cv-5247-RJB-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for February 3, 2023 |

This matter comes before the Court on defendants' motion to dismiss (Dkt. 17) and plaintiff's motion for default judgment (Dkt. 19). This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the Court should DENY plaintiff's motion for default judgment (Dkt. 19) and GRANT defendants' motion to dismiss (Dkt. 17). The Court should grant plaintiff leave to file an amended complaint subject to the Court's screening.

## FACTUAL BACKGROUND

Plaintiff is a pretrial detainee bringing this action alleging violations of his constitutionally protected rights. Dkt. 4. Plaintiff contends that on May 8, 2021, plaintiff was placed in a cell with no toilet, sink, or running water and was required to wait to be let out of the cell to use the restroom or get water. Dkt. 4 at 7. Plaintiff states that he was required to relieve himself in plastic bags. Dkt. 4 at 7. The complaint maintains that

REPORT AND RECOMMENDATION - 1

on March 9, 2022, plaintiff was moved to a unit with toilets, sinks and running water in each cell. Dkt. 4 at 7.

Plaintiff contends that on March 16, 2022, plaintiff was moved back to a unit with no sinks, toilets or running water in the cells. Dkt. 4 at 7. Plaintiff alleges that this unit had a very strong odor of human waste and cracks in the wall oozing a brown substance. Dkt. 4 at 5. Plaintiff states that he raised this issue with Officer Scooly on March 16, 2022, Deputy Ramos on March 17, 2022, Deputy Salman on March 18, 2022, and Deputy Prescar on March 19, 2022. Dkt. 4 at 5-6. Plaintiff contends that each officer told plaintiff that they would inform maintenance about the issue. Dkt. 4 at 6.

According to the complaint, Sergeant Davis denied plaintiff a requested grievance form on March 21, 2022. Dkt. 4 at 7-8. The complaint alleges that March 22, 2022, plaintiff and his cell mate (Travis Madison) signed a grievance regarding the conditions of their cells. Dkt. 4 at 6. Plaintiff states that on March 25, 2022, Sergeant Watkins responded to the grievance stating that Watkins would coordinate with maintenance regarding the issue. Dkt. 4 at 6, 11. The complaint maintains that on March 28, 2022, the issue had not been resolved -- Mr. Madison then filed an appeal of the grievance, Dkt. 4 at 6, 12; and on March 31, 2022, Lieutenant Ake responded to the appeal by explaining that the maintenance supervisor was working towards a solution and that the inmates in that unit would be moved to another unit. Dkt. 4 at 6, 12.

Plaintiff contends that maintenance failed to solve the issues in his unit and on March 31, 2022, he was moved to a different unit. Dkt. 4 at 6. Plaintiff asserts that due to the acts or omissions of the defendants, he suffered "[h]eadaches, nausea, vomiting, difficulty breathing, damage to personal clothing, hygiene, food items bought from

REPORT AND RECOMMENDATION - 2

commissary", as well as "[b]ladder infections, cramps, . . . stress. Id. at 6, 8.

Next, plaintiff alleges that from May 8, 2021, to July 25, 2022 and from March 16, 2022 to March 31, 2022, plaintiff was housed in a unit without an attached recreation yard. Dkt. 4 at 8-9. Plaintiff also contends that between March 2021 and April 6, 2022, plaintiff was not allowed recreation time out of his cell or unit. Dkt. 4 at 9. He alleges that due to the acts or omissions of the defendants, he suffered "[d]ifficult breathing, fatigue, vomiting, nausea, headaches, dizziness, weight loss, stress, muscle cramps." Id. at 9.

## DISCUSSION

When reviewing a motion under Rule 12(b)(6), the Court must accept as true "all well-pleaded allegations of fact in the complaint and construe them in the light most favorable to the non-moving party." *Cedar Point Nursery v. Shiroma*, 923 F.3d 524, 530 (9th Cir. 2019) (internal quotations omitted). The court is not required to accept legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a FRCP 12(b)(6) motion, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft,* 556 U.S. at 678 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if the pleaded facts allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678. When evaluating a 12(b)(6) motion, the Court may only consider the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Cedar Point Nursery*, 923 F.3d at 530.

When a plaintiff appears *pro se* in a civil rights case, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988). Yet, this lenient standard does not excuse a *pro se* litigant from meeting the most basic pleading requirements. *See, American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000).

42 U.S.C. § 1983 "affords a 'civil remedy' for deprivation of federally protected rights caused by persons acting under color of state law." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (overruled in part on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986)). To state a claim under Section 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Id*. Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff must set forth the specific factual basis upon which the plaintiff claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Vague and conclusory allegations of officials participating in a civil rights violation are not sufficient to support a claim under Section 1983. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

To prevail on a claim under Section 1983, an inmate is required to show that each of the defendants was involved in violating the Constitution; individual liability of an official will only be found if there is individual culpable action or inaction. *Hines v.*

REPORT AND RECOMMENDATION - 4

*Youseff,* 914 F.3d 1218, 1228 (9th Cir. 2019). A supervisor is liable for actions of subordinates that violate constitutional rights if the supervisor "participated in or directed the violations or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Supervisor liability can exist even without overt personal participation in the unlawful conduct. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). A supervisory official can be liable for implementing a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind the constitutional violation. *Id.*, *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013), *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1076 (9th Cir. 2012) ("Advancing a policy that requires subordinates to commit constitutional violations is always enough for § 1983 liability … so long as the policy proximately causes the harm.").

A. <u>Motion for Default Judgment</u>

Obtaining a default judgment is a two-step process governed by Fed. R. Civ. P. 55. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, Rule 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

After the defendant's default is entered, the plaintiff may apply for judgment based on the default under Rule 55(b). "An entry of default is a prerequisite to a default judgment under Rule 55(b)." *Francis v. J.C. Penney Corp.*, No. C09-5061 FDB, 2009 WL 3761999, at *1 (W.D. Wash. Nov. 6, 2009) (quoting *Lee v. Bhd. of Maint. of Way Employees*, 139 F.R.D. 376, 380 (D. Minn. 1991)). While entry of default by the clerk is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default

is not entitled to default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi,* 346 F. Supp.2d 1068, 1071 (C.D. Cal. 2004). Instead, whether a court will grant a default judgment is in the court's discretion. *Id.*

Default judgments are generally disfavored, and cases should be decided on the merits whenever reasonably possible. *NewGen, LLC v. Safe Cig., LLC,* 840 F.3d 606, 616 (9th Cir. 2016) (citing *Eitel v. McCool,* 782 F.2d 1470, 1472 (9th Cir. 1986)). Courts must look to the following factors: "(1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *NewGen, LLC,* 840 F.3d at 616.

Plaintiff did not obtain an order of default prior to filing the instant motion for default judgment. Further, even if plaintiff had obtained an order of default, default judgment would not be warranted in the instant case. Defendants have filed a notice of appearance (Dkt. 12, 14) and a motion to dismiss under Fed. R. Civ. P. 12(b)(6) (Dkt. 17). Additionally, because this action is at an early stage of litigation there remains the possibility of a dispute of material facts. Finally, as further discussed in this report and recommendation, plaintiff's complaint – as currently drafted – fails to allege a viable cause of action under Section 1983.

Therefore, this Court should deny plaintiff's motion for default judgment.

B. <u>Conditions of Confinement – Individual Defendants</u>

"Eighth Amendment protections apply only once a prisoner has been convicted of a crime, while pretrial detainees are entitled to the potentially more expansive protections of the Due Process Clause of the Fourteenth Amendment." *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n. 5 (9th Cir. 2016) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015)). Even though conditions of confinement claims brought by pretrial detainees arise under the Due Process Clause, the guarantees of the Eighth Amendment "provide a minimum standard of care for determining rights as a pretrial detainee." *Gordon v. Cty. Of Orange,* 888 F.3d 1118, 1122 (9th Cir. 2018).

To satisfy the objective standard for deliberate indifference claims, the deprivation alleged "must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (citation omitted). That is, the institution official's "act or omission must result in the denial of 'the minimum civilized measure of life's necessities.'" *Id*. For claims based on failure to prevent harm, the plaintiff also must show he or she was "incarcerated under conditions posing a substantial risk of serious harm." *Id*.

Under the Due Process Clause, the proper inquiry is whether the conditions amount to punishment of the detainee. *Bell*, 441 U.S. at 535. Because a pretrial detainee has not be adjudicated guilty of any crime, the government "may detain him to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment or otherwise violate the Constitution." *Id*. at 536.

A pretrial detainee may show that they have been unconstitutionally punished by demonstrating the action was taken with an expressed intent to punish, or that the

actions are not rationally related to a legitimate nonpunitive government purpose. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). If the conditions of confinement that is being challenged is arbitrary or purposeless, "a court permissibly may infer that the purpose of the governmental action is punishment." *Bell*, 441 U.S. at 539.

Plaintiff's complaint names Sergeant Watkins, Sergeant Davis, Lieutenant Ake, Chief Corrections Officer Jackson, Lieutenant James, Captain Genga and Lieutenant Pero as defendants in this action. Dkt. 4 at 3-4. Plaintiff's complaint does not identify any facts indicating that defendants Jackson, James, Genga or Pero directly participated in any of the alleged violations.

Additionally, the complaint fails to allege facts indicating these defendants directed the violations or implemented a policy that was the moving force behind the violations. Plaintiff asserts a conclusory allegation that the defendants knew about the violation. Yet, the complaint does not provide any facts explaining circumstances to support the conclusion, for example, any circumstances that show these defendants knew of the violations and failed to prevent them. Because the Court is not required to accept conclusory allegations, plaintiff's complaint fails to allege sufficient facts to state a claim against defendants Jackson, James, Genga and Pero. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's complaint alleges that defendant Watkins knew about the violation because defendant Watkins responded to plaintiff's grievance regarding the conditions of confinement. Similarly, plaintiff contends that defendant Ake knew about the conditions because defendant Ake responded to plaintiff's grievance appeal. Plaintiff incorporated the relevant grievance responses to the complaint. Dkt. 4 at 11, 12.

REPORT AND RECOMMENDATION - 8

The attached grievance indicates that the grievance was filed on March 22, 2022. Dkt. 4 at 11. Defendant Watkins responded to the grievance on March 25, 2022, stating that defendant Watkins would follow up with maintenance to find a solution. Dkt. 4 at 11. Defendant Ake responded to the grievance appeal indicating that the issue was resolved because plaintiff's unit was moved to another unit as of March 31, 2022. Dkt. 4 at 12.

The Ninth Circuit Court of Appeals has determined that "[j]ail officials have a duty to ensure that detainees are provided adequate shelter, food, clothing, sanitation, medical care and personal safety." *Shorter v. Baca*, 895 F.3d 1176, 1185 (9th Cir. 2018) (citing *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). The courts have stated that "[u]nquestionably, subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995). The Ninth Circuit has held that routinely denying a pretrial detainee access to a shower without a legitimate security purpose constitutes a violation of the Fourteenth Amendment. *Shorter*, 895 F.3d at 1185-87 (finding that denying plaintiff a shower for 6-8 days without justification might violate the plaintiff's Fourteenth Amendment rights).

Here, plaintiff has stated sufficient facts to allege that he was held in unsanitary conditions that could potentially arise to a level of being dangerous to plaintiff's health and safety. Plaintiff has also alleged that defendants Watkins and Ake were aware of the conditions. However, plaintiff's complaint does not allege what defendants Watkins and Ake did or failed to do after being made aware of the unsanitary conditions. Accordingly, plaintiff has not stated enough facts to allege that defendants Watkins and Ake acted with deliberate indifference to plaintiff's health or safety.

### C. Due Process Claim – Defendant Davis

The Due Process Clause protects plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). However, plaintiff has no stand-alone due process rights related to the administrative grievance process. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure."). The denial, rejection, cancellation, delay in processing, or ignoring of a grievance does not, constitute a due process violation. *See, Evans v. Skolnik*, 637 Fed. Appx. 285, 288 (9th Cir. 2015), *cert. dism'd*, 136 S. Ct. 2390 (2016) ("An allegation that a prison official inappropriately denied or failed to adequately respond to a grievance, without more, does not state a claim under § 1983.").

Plaintiff alleges that defendant Davis violated plaintiff's due process rights by refusing to give plaintiff a requested grievance form. Plaintiff's claim against defendant Davis fails to state a viable cause of action because plaintiff cannot raise a due process claim based on the improper implementation of the facilities' grievance procedure.

### D. Outdoor Recreation Claims

#### 1. Exhaustion of Administrative Remedies

Defendants argue that the Court should dismiss plaintiff's outdoor recreation claim because plaintiff failed to exhaust available administrative remedies. Based on the record before the Court, the Court should decline to dismiss plaintiff's outdoor recreation claim for failure to exhaust administrative remedies.

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The PLRA states:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"All 'available' remedies" must be exhausted, "[e]ven when the prisoner seeks relief not available in grievance proceedings." *Porter v. Nusle*, 534 U.S. 516, 524 (2002). The mere fact a plaintiff filed an initial grievance under a prison's grievance policy does not satisfy the PLRA exhaustion requirement; a plaintiff must exhaust *all* levels of an available grievance procedure before he can initiate litigation. *Booth v. Churner*, 532 U.S. 731, 736-41 (2001). The Court must dismiss a prisoner's complaint "'when there is no *presuit* exhaustion,' even if there is exhaustion while suit is pending." *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005) (quoting *Mckinney v. Carey,* 311 F.3d 1198, 1200 (9th Cir. 2002)) (emphasis added by the court of appeals).

"The PLRA's exhaustion requirement is an affirmative defense." *Fordley v. Lizarraga*, 18 F.4th 344, 350 (9th Cir. 2021). The ultimate burden is on defendant to prove that an administrative process was available to the plaintiff and that plaintiff ultimately failed to exhaust such remedies. *Fordley,* 18 F.4th at 350. Failure to exhaust administrative remedies is generally properly raised as a motion for summary judgment. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). Failure to exhaust administrative remedies is rarely an appropriate ground for dismissal on a motion to dismiss because

inmates are not required to specifically plead or demonstrate exhaustion in their complaint. *Id*. (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)).

It is unclear from the face of plaintiff's complaint whether an administrative remedy was available for plaintiff's outdoor recreation claim and whether plaintiff exhausted any such remedies. Accordingly, the Court should decline to find that plaintiff failed to exhaust available administrative remedies related to plaintiff's outdoor recreation claim.

2. Merits

The Ninth Circuit Court of Appeals has held that "the Constitution requires jail officials to provide outdoor recreation opportunities, or otherwise meaningful recreation" to pretrial detainees. *Shorter v. Baca*, 895 F.3d 1176, 1185 (9th Cir. 2018); *See also*, *Pierce v. County of Orange*, 526 F.3d 1190, 1208 (9th Cir. 2008) (holding that conditions providing violent pretrial detainees held in administrative segregation, only 90 minutes of exercise per week did not comport with constitutional standards).

Plaintiff contends that from May 8, 2021 to July 25, 2021 and from March 16, 2021 to March 31, 2021, he was housed in a unit without a recreation yard. Dkt. 4 at 8. Additionally, plaintiff alleges that between March 2021 and April 2022, plaintiff's unit was not allowed recreation time outside of their cells/unit. Dkt. 4 at 9.

Plaintiff's complaint states that Chief Patty Jackson, Captain Tony Genga, Leiutenant Gayle Pero, Sergeant Douglas Watkins, Leiutenant Ake, Seargean F. Ake, and Seiutentant James, are the officials at the Pierce County Jail that denied plaintiff recreation time. But plaintiff's complaint does not allege any specific acts or omissions regarding the conduct of each of these defendants. To the extent plaintiff is alleging that

the decision to deny plaintiff outdoor recreation was the result of a policy implemented by Pierce County, plaintiff fails to identify a policy, practice, or custom that would be attributable to the County. Accordingly, plaintiff's complaint fails to allege a sufficient factual basis upon which each defendant can be found liable.

The Court should dismiss plaintiff's outdoor recreation claim without prejudice for failure to state a claim.

### E. Pierce County

Plaintiff's complaint also names Pierce County Jail as a defendant in this litigation.

Pursuant to Fed. R. Civ. P. 17(b)(3), an entity's capacity to sue or be sued is determined by the laws of the state where the Court is located. Under Washington Law, when bringing an action challenging the actions, policies or customs of a local governmental unit, the proper party is the county or city, not the particular municipal department that allegedly committed the violation. *Roth v. Drainage Improvement Dist. No. 5, of Clark County*, 64 Wn.2d 586, 588 (1964), *Nolan v. Snohomish County*, 59 Wn.App. 876, 883 (1990).

Accordingly, the Pierce County *Jail* is not a legal entity capable of being sued – instead the proper party is Pierce County.

Plaintiff's complaint also fails to allege sufficient facts to state a viable cause of action against Pierce County. Although municipalities are subject to suit under Section 1983, *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978), they may only be liable if their policies or customs are the "moving force [behind] the constitutional violation." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). To state a claim against a municipal entity, a plaintiff must show that the: (1) an official or

employee of Pierce County acting under color of state law, (2) deprived plaintiff of a particular right, (3) the official or employee acted pursuant to a policy, custom or practice of Pierce County, and (4) Pierce County's policy, custom or practice was the driving force behind the ultimate violation. Model Civ. Jury Instr. 9th Cir. 9.5. Alternatively, plaintiff may establish that Pierce County is liable for the conduct of an official policymaker by showing that: (1) a final policymaker for Pierce County acting in their role as a policymaker caused the deprivation of plaintiff's rights or was the moving force behind a violation or (2) a Pierce County policymaker acting under their authority as a policymaker knew of and deliberately approved of an employee's violation of plaintiff's rights. Model Civ. Jury Instr. 9th Cir. 9.6-9.7. Finally, a plaintiff may establish municipal liability by showing that: (1) a defendant acting under color of state law violated plaintiff's rights, (2) the training policies of Pierce County were inadequate to prevent the violation, (3) Pierce County was deliberately indifferent to the substantial risk that its policies were inadequate to prevent a violation; and (4) the inadequate policy played a substantial part in causing the violation. Model Civ. Jury Instr. 9th Cir. 9.8.

  Plaintiff's does not identify any custom, practice, or policy that was the moving force behind the alleged violations. Additionally, plaintiff does not allege that Pierce County ratified any unlawful conduct, that an official policymaker was the moving force behind the violation, or that an inadequate training policy caused the violation. Plaintiff contends for the first time in response to defendants' motion that defendant Jackson created the policy that was the driving force behind some of plaintiff's conditions of confinement claims. The Court cannot consider this new allegation because it was not

REPORT AND RECOMMENDATION - 14

raised in plaintiff's complaint. *Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (when determining a motion to dismiss the Court cannot look beyond the complaint to plaintiff's briefing).

Plaintiff's complaint fails to allege a cause of action against Pierce County.

## LEAVE TO AMEND

When a pro se litigant's complaint fails to state a claim upon which relief may be granted, the Court generally grants the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). However, the Court may deny leave to amend when amendment would be futile, or the amended complaint would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

While plaintiff's complaint fails to allege sufficient facts to state a cognizable Section 1983 claim, it does not appear that amendment would be futile in this action. Accordingly, the undersigned recommends that the Court grant plaintiff leave to amend.

## CONCLUSION

For the reasons set forth herein, the Court should DENY plaintiff's motion for default judgment (Dkt. 19) and should GRANT defendants' motion to dismiss (Dkt. 17). The Court should dismiss plaintiff's complaint (Dkt. 4) without prejudice and should grant plaintiff leave to file a proposed amended complaint subject to Court screening.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474

1 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **February 3, 2023**.

Dated this 18th day of January, 2023.

Theresa L. Fricke
United States Magistrate Judge