1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6

TAYLOR CHRISTOPHER MILES,

7                                          Plaintiff,

8               v.

9    PIERCE COUNTY JAIL,

10                                        Defendants.

Case No. 3:22-cv-05247-RJB-TLF

REPORT AND RECOMMENDATION

NOTED FOR MAY 12, 2023

11          This matter comes before the Court on Defendants' Chief Patti Jackson, Deputy

12   Glen Davis, and Sergeant Jon Blind (collectively "Defendants") motion to dismiss

13   Plaintiff's amended complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. 28.

14   This matter has been referred to the undersigned Magistrate Judge. Mathews, Sec'y of

15   H.E.W. v. Weber, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a).

16   For the reasons set forth below, the Court should GRANT Defendants' motion to

17   dismiss with prejudice (Dkt. 28).

18                              FACTUAL BACKGROUND

19          Plaintiff is a pretrial detainee bringing this action alleging violations of his

20   constitutionally protected rights. Dkt. 27. Plaintiff alleges, first, that Deputy Davis denied

21   Plaintiff of his due process rights by denying Plaintiff's request for a grievance form. Dkt.

22   27 (Amended Complaint) at 4-5. The correspondence between Deputy Davis and

23   Plaintiff, which was attached to the amended complaint, indicates that Plaintiff's

24
25

REPORT AND RECOMMENDATION - 1

1   grievance concerned access to bathroom facilities. *Id.* at Exhibit A.  Plaintiff states that

2   he suffered from anxiety as a result. *Id.*

3         Plaintiff also alleges cruel and unusual punishment by Chief Jackson and

4   Sergeant Blind arising from Plaintiff's lack of access to bathroom facilities. *Id.* at 6-7.

5   According to the amended complaint, Plaintiff was housed in a unit that has restroom

6   facilities separate from the inmates' cells. *Id.* at 6. During lockdowns, it was the jail's

7   policy to allow inmates to access the bathrooms only two at a time. *Id.* Plaintiff claims

8   that this policy was put into place by Chief Jackson and her "subordinates". *Id.* Further,

9   Plaintiff contends that Sergeant Blind informed Plaintiff of this policy in response to a

10   kite submitted by Plaintiff. *Id.* Specifically, Sergeant Blind noted, "… admin limited the

11   lockdown time for allowing inmates out to use the restroom to just 2 at a time for

12   security reasons." *Id.* at Exhibit B. Plaintiff contends that as a result of this policy, he

13   was forced to "urinate in unsanitary conditions such as a coffee bag" and "defecated on

14   himself." *Id.*

15         Plaintiff seeks damages in the amount of $3.5 million and requests that the jail's

16   lockdown policy be changed.

17   DISCUSSION

18     A.  <u>Standard</u>

19         When reviewing a motion under Rule 12(b)(6), the Court must accept as true "all

20   well-pleaded allegations of fact in the complaint and construe them in the light most

21   favorable to the non-moving party." *Cedar Point Nursery v. Shiroma*, 923 F.3d 524, 530

22   (9th Cir. 2019) (internal quotations omitted). The court is not required to accept legal

23   conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

24

25

To survive a FRCP 12(b)(6) motion, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if the pleaded facts allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678. When evaluating a 12(b)(6) motion, the Court may only consider the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Cedar Point Nursery*, 923 F.3d at 530.

When a plaintiff appears pro se in a civil rights case, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 624 (9th Cir. 1988). Yet, this lenient standard does not excuse a pro se litigant from meeting the most basic pleading requirements. *See American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000).

42 U.S.C. § 1983 "affords a 'civil remedy' for deprivation of federally protected rights caused by persons acting under color of state law." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (overruled in part on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986)). To state a claim under Section 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Id*. Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff must set forth the specific factual basis upon which the plaintiff claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Vague and conclusory allegations of officials participating in a civil rights violation are not sufficient to support a claim under Section 1983. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

To prevail on a claim under Section 1983, an inmate is required to show that each of the defendants was involved in violating the Constitution; individual liability of an official will only be found if there is individual culpable action or inaction. *Hines v. Youseff*, 914 F.3d 1218, 1228 (9th Cir. 2019). A supervisor is liable for actions of subordinates that violate constitutional rights if the supervisor "participated in or directed the violations or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Supervisor liability can exist even without overt personal participation in the unlawful conduct. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). A supervisory official can be liable for implementing a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind the constitutional violation. *Id., Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013), *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1076 (9th Cir. 2012) ("Advancing a policy that requires subordinates to commit constitutional violations is always enough for § 1983 liability … so long as the policy proximately causes the harm.").

B.  Due Process Claim – Defendant Davis

As the Court explained to Plaintiff in its Report and Recommendation granting Defendants' motion to dismiss this same claim in Plaintiff's original complaint, the Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural

1    protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221

2    (2005). *See also* Dkt. 25 (Report and Recommendation Granting Defendants' Motion to

3    Dismiss); Dkt. 26 (Order Adopting Report and Recommendation). However, Plaintiff has

4    no stand-alone due process rights related to the administrative grievance process.

5    *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639,

6    640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance

7    procedure."). The denial, rejection, cancellation, delay in processing, or ignoring of a

8    grievance, does not constitute a due process violation. *See Evans v. Skolnik*, 637 Fed.

9    Appx. 285, 288 (9th Cir. 2015), *cert. dism'd*, 136 S. Ct. 2390 (2016) ("An allegation that

10    a prison official inappropriately denied or failed to adequately respond to a grievance,

11    without more, does not state a claim under § 1983.").

12        Plaintiff alleges that Defendant Davis violated Plaintiff's due process rights by

13    refusing to give Plaintiff a requested grievance form. Plaintiff's claim against Defendant

14    Davis fails to state a viable cause of action because Plaintiff cannot raise a due process

15    claim based on the improper implementation of the facilities' grievance procedure.

16        C.  Personal Participation – Chief Jackson and Sergeant Blinds

17        Plaintiff names Chief Jackson and Sergeant Blinds as defendants. To obtain §

18    1983 relief, a complaint must allege that each particular defendant caused or personally

19    participated in causing the deprivation of a particular protected constitutional right.

20    *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287,

21    1290 (9th Cir. 1977). Conclusory allegations against an official are insufficient to state a

22    claim for relief. Rather, the complaint must set forth specific facts showing a causal

23

24

25

connection between each defendant's actions and the harm allegedly suffered by plaintiff. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

In addition, respondeat superior is not applicable to § 1983 actions. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). To state a claim against a supervisor, a complaint must allege facts showing the individual supervisor participated in or directed the alleged violation, or knew of the violation and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999); *see also Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978).

Here, the amended complaint does not contain facts indicating that the individual defendants had any personal involvement in causing the harm Plaintiff alleges. Plaintiff states that Defendant Blinds sent him a message informing Plaintiff of the lockdown policy. Plaintiff does not allege that Defendant Blinds personally participated in causing the alleged violation. Plaintiff asserts only a conclusory allegation against Defendant Blinds. Because the Court is not required to accept conclusory allegations, Plaintiff's amended complaint fails to allege sufficient facts to state a claim against Defendant Blinds. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

With respect to Defendant Jackson, Plaintiff alleges she was responsible for making and/or approving this lockdown policy, because she is Chief of the Pierce County Jail. This allegation, again, is conclusory. Plaintiff has failed to allege any facts that show how Defendant Jackson personally participated in causing the alleged harm; Plaintiff's allegation is insufficient to state a claim against her.

D.  <u>Conditions of Confinement – Chief Jackson and Sergeant Blinds</u>

In addition to his failure to allege personal participation by Defendants, Plaintiff has failed to allege facts sufficient to establish a claim for cruel and unusual punishment, unconstitutional conditions of confinement or a due process violation.

"Eighth Amendment protections apply only once a prisoner has been convicted of a crime, while pretrial detainees are entitled to the potentially more expansive protections of the Due Process Clause of the Fourteenth Amendment." *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n. 5 (9th Cir. 2016) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015)). Even though conditions of confinement claims brought by pretrial detainees arise under the Due Process Clause, the guarantees of the Eighth Amendment "provide a minimum standard of care for determining rights as a pretrial detainee." *Gordon v. Cty. Of Orange*, 888 F.3d 1118, 1122 (9th Cir. 2018).

To satisfy the objective standard for deliberate indifference claims, the deprivation alleged "must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted). That is, the institution official's "act or omission must result in the denial of 'the minimum civilized measure of life's necessities.'" *Id*. For claims based on failure to prevent harm, the plaintiff also must show they were "incarcerated under conditions posing a substantial risk of serious harm." *Id.*

Under the Due Process Clause, the proper inquiry is whether the conditions amount to punishment of the detainee. *Bell*, 441 U.S. at 535. Because a pretrial detainee has not been adjudicated guilty of any crime, the government "may detain him to ensure his presence at trial and may subject him to the restrictions and conditions of

the detention facility so long as those conditions and restrictions do not amount to punishment or otherwise violate the Constitution." *Id.* at 536.

A pretrial detainee may show that they have been unconstitutionally punished by demonstrating the action was taken with an expressed intent to punish, or that the actions are not rationally related to a legitimate nonpunitive government purpose. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). If the conditions of confinement that is being challenged are arbitrary or purposeless, "a court permissibly may infer that the purpose of the governmental action is punishment." *Bell*, 441 U.S. at 539.

Regarding access to the bathroom during lockdowns, Plaintiff alleges he had to "wait a long period of time" and that this caused him to have to urinate or defecate in a bag. Although having to wait to use the restroom may be uncomfortable, Plaintiff has not alleged a substantial risk of serious harm from this condition of confinement.

Plaintiff fails to allege sufficient facts to establish that he has been subjected to conditions of confinement that rise to the level of a constitutional violation.

## LEAVE TO AMEND

If a court finds the complaint should be dismissed for failure to state a claim, a court has discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126–30 (9th Cir. 2000) (en banc).

Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is *pro se*. *Id.* at 1130–31; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). If after careful consideration, however, it is clear a complaint cannot be cured by amendment, a court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105, 1107–11. Further, when a district court

1  has already granted a plaintiff leave to amend, its discretion in deciding subsequent

2  motions to amend is particularly broad. *See Chodos v. West Publ'g Co.*, 292 F.3d 992,

3  1003 (9th Cir. 2002); *see also Williams v. Felker*, 467 F. App'x 580, 582 (9th Cir. 2012)

4  (finding that the district court did not abuse its discretion in denying Plaintiff

5  further leave to amend his complaint because he failed to cure the deficiencies

6  identified by the court despite multiple opportunities to do so).

7        In this case, Plaintiff has already had two opportunities to amend his complaint.

8  He brought the claim relating to his request for a grievance form against Defendant

9  Davis twice. *See* Dkts. 4, 27. Further, while Plaintiff's amended Fourteenth Amendment

10  claim relates to the lack of access to bathrooms during lockdowns, he similarly alleged

11  that he lacked access to a toilet, sink and running water in his cell in his original

12  complaint. *See* Dkts. 4, 27. The Court had dismissed these claims previously, explained

13  why Plaintiff failed to state a claim, and gave him leave to amend. *See* Dkts. 25, 26.

14  Thus, given that Plaintiff has had two opportunities to bring his due process and

15  conditions of confinement claims, and it would be futile to allow him to amend further,

16  the Court should dismiss Plaintiff's claims against Defendants with prejudice.

17                               <u>CONCLUSION</u>

18        For the above stated reasons, the undersigned recommends Defendants' motion

19  to dismiss be GRANTED and this case be dismissed with prejudice for failure to state a

20  claim.

21        Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall

22  have fourteen (14) days from service of this report to file written objections. See also

23  Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for

24

25

purposes of de novo review by the district judge, see 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on May 12, 2023, as noted in the caption.

Dated this 24th day of April, 2023.

Theresa L. Fricke
United States Magistrate Judge